UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x
                          :

ILAN PREIS,
                          :     14 CV 6327 (LGS) (DF)
                          :
              Petitioner,   :     ECF Case
                          :
          - against -       :
                          :
                          :
CITIGROUP GLOBAL MARKETS,
                          :
            Respondent.  :

- - - - - - - - - - - - - - - - - - - - x

**RESPONDENT'S MEMORANDUM OF LAW IN OPPOSITION TO
PETITION TO VACATE ARBITRATION AWARD AND IN SUPPORT OF
RESPONDENT'S CROSS-PETITION TO CONFIRM ARBITRATION AWARD**

PROSKAUER ROSE LLP
Joseph Baumgarten
Susan C. McAleavey
Jon L. Dueltgen
11 Times Square
New York, New York 10036
(212) 969-3000
jbaumgarten@proskauer.com
smcaleavey@proskauer.com
jdueltgen@proskauer.com
*Attorneys for Respondent
Citigroup Global Markets Inc.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

COUNTER-STATEMENT OF FACTS ............................................................................... 1

A.      Factual Background ................................................................................................... 1

B.      Procedural Posture .................................................................................................... 2

C.      Preis's Alleged Bases For Vacating The Award ........................................................ 7

      1.      Preis Disagrees With The Panel's Decision .................................................. 2

      2.      Preis Claims The Arbitrators Were Biased ................................................... 8

      3.      The Panel Allegedly Did Not Utilize the Testimony of Preis's Expert .......... 10

      4.      Discovery Motions Were Not Addressed ...................................................... 10

      5.      One Arbitrator Mentioned a Potential Conflict ............................................ 11

      6.      CGMI Allegedly Falsified Evidence and Testimony ..................................... 11

      7.      CGMI Redacted Privileged Information From Documents
             Produced in Discovery ................................................................................ 12

      8.      Preis's Counsel Elected to Go Last in Closing Statements ........................... 12

      9.      The Panel Disregarded the Law .................................................................... 12

ARGUMENT ...................................................................................................................... 12

A.      STANDARD OF REVIEW ...................................................................................... 12

      a.      Vacatur of an Award ................................................................................... 12

      b.      Confirmation of an Award ........................................................................... 14

B.      THERE IS NO EVIDENCE OF PARTIALITY BY THE ARBITRATORS ................. 15

C.      THE PANEL IS NOT GUILTY OF MISCONDUCT ............................................... 16

D.      THE PANEL DID NOT EXCEED ITS AUTHORITY ......................................................20

E.      PREIS CANNOT SATISFY THE "MANIFEST DISREGARD OF
        THE LAW" STANDARD ................................................................................................21

F.      THE COURT SHOULD AWARD CGMI ATTORNEY'S FEES AND COSTS.............24

CONCLUSION............................................................................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health CouncilInc.*, No. 13 Civ. 2608, 2014 WL 840965 (S.D.N.Y. Mar. 4, 2014)....................15

*AmeriCredit Fin. Servs. v. Oxford Mgmt. Servs.*,
    627 F. Supp. 2d 85 (E.D.N.Y. 2008) ...................................................................14

*Bisnoff v. King*,
    154 F. Supp. 2d 630 (S.D.N.Y. 2001)...................................................................17

*CF Global Trading, LLC v. Wassenaar*,
    No. 13 Civ. 766, 2013 WL 5538659 (S.D.N.Y. Oct. 8, 2013) ...............................24

*D.H. Blair & Co. v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006)...................................................................................15

*Diapulse Corp. of Am. v. Carba, Ltd.*,
    626 F.2d 1108 (2d Cir. 1980)...............................................................................13

*DiRussa v. Dean Witter Reynolds Inc.*,
    121 F.3d 818, 824 (2d Cir. 1997).........................................................................20

*Fellus v. Sterne, Agee & Leach, Inc.*,
    783 F. Supp. 2d 612 (S.D.N.Y. 2011)..............................................................16, 17

*Florasynth, Inc. v. Pickholz*,
    750 F.2d 171 (2d Cir. 1984).................................................................................15

*Goldman Sachs Execution & Clearing, L.P. v. Official Unsecured Creditor's
    Comm. of Bayou,*
    758 F. Supp. 2d 222 (S.D.N.Y. 2010), *aff'd*, 491 F. Appx. 201 (2d Cir. 2012) ....................21

*Greenberg v. Bear, Stearns & Co.*,
    220 F. 3d 22, 27 (2d Cir. 2000)............................................................................13

*Hall Street Assocs., L.L.C. v. Mattel, Inc.*,
    552 U.S. 576 (2008)..............................................................................................13

*Huntington Hosp. v. Huntington Hosp. Nurses' Assn.*,
    302 F. Supp. 2d 34 (E.D.N.Y. 2004) ....................................................................13

*Ilan Preis v. Citigroup Global Markets*,
    Index No. 652197/2014 ..........................................................................................7

iii

*In re Falzone v. N.Y. Cent. Mut. Fire Ins. Co.*,
  15 N.Y.3d 530 (2010) ........................................................................12

*Jock v. Sterling Jewelers, Inc.*,
  646 F.3d 113 (2d Cir. 2011)..........................................................20, 21

*Major League Baseball Player Ass'n v. Garvey*,
  532 U.S. 504 (2001)..........................................................................20

*M. Slavin & Sons, Ltd. v. Cirillo*,
  No. 90-CV-1340, 1990 WL 299933 (E.D.N.Y. May 18, 1990) ...........................18

*Mandell v. Reeve*,
  No. 10 Civ. 6530, 2011 WL 4585248 (S.D.N.Y. Oct. 4, 2011) ........................24

*Max Marx Color & Chem. Co. Employees' Profit Sharing Plan v. Barnes*,
  37 F. Supp. 2d 248 (S.D.N.Y. 1999)......................................................13

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Odyssey Amer. Reinsurance Corp.*,
  No. 05 Cv 7539, 2009 WL 4059183 (S.D.N.Y. Nov. 18, 2009) ........................18

*Rai v. Barclays Capital Inc.*,
  739 F. Supp. 2d 364 (S.D.N.Y. 2010),
  *aff'd* 2011 U.S. App. LEXIS 22365 (2d Cir. 2011).................................16, 22

*Rosenberg v. Metlife, Inc.*,
  8 N.Y.3d 359 (2007) .............................................................3, 4, 5, 6

*Sanford Home for Adults v. Local 6, IFHP*,
  665 F. Supp. 312 ...........................................................................15

*Schwartz v. Merrill Lynch & Co., Inc.*,
  665 F.3d 444 (2d Cir. 2011)...............................................................16

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
  559 U.S. 662 (2010)................................................................13, 14, 20, 21

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*,
  548 F.3d 85 (2d Cir. 2008)................................................................21

*T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*,
  592 F.3d 329 (2d Cir. 2010)..........................................................20, 21

*Teamsters, Chauffeurs, etc. v. E.D. Clapp Corp.*,
  551 F. Supp. 570 (N.D.N.Y. 1982),
  *aff'd without opinion by*, 742 F.2d 1441 (2d Cir. 1983) ..........................13

iv

*Tempo Shain Corp. v. Bertek, Inc.*,
   120 F.3d 16 (2d Cir. 1997)........................................................................................12

*Trustees of Unite Here Nat'l Health Fund v. Amer. Leather Products, LLC*,
   No. 06 Civ. 5316, 2009 WL 5178004 (S.D.N.Y. Dec. 31, 2009)............................................14

*United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*,
   363 U.S. 593 (1960)................................................................................................20

*Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*,
   103 F.3d 9 (2d Cir. 1997) .........................................................................................12

## STATUTES AND OTHER AUTHORITIES

F.R.C.P. 54(d)(1) ......................................................................................................24

9 U.S.C. § 9 ............................................................................................................14

9 U.S.C. § 10 ..........................................................................................13, 14, 15, 20, 21

9 U.S.C. § 11 ..........................................................................................................13

## PRELIMINARY STATEMENT

In this action, *pro se* Petitioner Ilan Preis ("Petitioner" or "Preis") attempts to vacate an arbitration award (the "Award") that was issued by an arbitration panel appointed by Financial Industry Regulatory Authority ("FINRA") Dispute Resolution following a nine day evidentiary hearing.  From what Respondent Citigroup Global Markets Inc. ("CGMI") can gather from the "Petition" (which is a hodgepodge of isolated and disconnected allegations), Preis purports to raise objections to evidentiary and procedural rulings (or what Preis considers to be rulings) of the FINRA Arbitration Panel (the "Panel") and its decision to deny Preis's claims.[1]

As a matter of law, Preis's objections and disagreement with the Panel do not constitute clear and convincing evidence of misconduct sufficient to implicate the fundamental fairness of the hearing.  Nor does Pries demonstrate that the Panel exceeded its authority or disregarded the law in any manner.  As Preis cannot satisfy the limited and strictly construed reasons under the Federal Arbitration Act, 9 U.S.C. § 10 ("FAA"), to vacate an arbitration award, Preis's "Petition" should be denied and the Award should be confirmed.  CGMI should further be awarded attorney's fees and costs due to the frivolous nature of Preis's Petition.

## COUNTER-STATEMENT OF FACTS

### A. __Factual Background__

Preis began his employment with CGMI as a Financial Advisor on June 8, 2010. (Declaration of Andrew H. Smith, dated August 14, 2014 ("Smith Decl.") ¶ 4).  As set forth in

---

[1] In addition to filing this Petition, Preis filed a Statement of Claim with FINRA on May 2, 2014, which attempts to re-arbitrate the very same claims and arguments that were presented to the Panel in the arbitration that is the subject of the Award.  (Declaration of Andrew H. Smith, dated August 14, 2014 ("Smith Decl.") Ex. P).  CGMI has requested that the FINRA President and Director of Arbitration decline to permit the use of the FINRA arbitration forum for the May 2, 2014 Statement of Claim because Preis, through the May 2, 2014 Statement of Claim and in direct contravention of FINRA rules, is seeking to appeal and/or re-litigate the Award. (Smith Decl. Ex. Q).

his offer letter and in CGMI's employee handbook (Smith Decl. Exs. J and K), Preis was an employee at will.  Preis executed a FINRA Form U4 (Uniform Application for Securities Industry Registration or Transfer) and became a Registered Representative of CGMI, within the meaning of FINRA rules.  (Smith Decl. Ex. A).  When Preis executed the Form U4, he agreed to arbitrate any claims against his employer arising out of his employment, with certain exceptions, in the FINRA Dispute Resolution arbitration forum under FINRA rules.  *Id.*  While FINRA rules do not permit an employer to *compel* an employee to arbitrate his statutory discrimination claims in the FINRA arbitral forum, they do permit an employee and employer to consent to arbitration of discrimination claims in the FINRA forum.  FINRA Code of Arbitration Procedure for Industry Disputes ("FINRA Code") § 13201.

On October 9, 2012, CGMI terminated Preis's employment.  (Smith Decl. ¶ 6).  In compliance with its mandatory reporting obligations, CGMI filed a Form U5 Uniform Termination Notice for Securities Industry Registration ("Form U5") setting forth the circumstances of Preis's separation from CGMI as follows:

> Discharged…FOLLOWING IDENTIFICATION OF TRANSACTIONS DEEMED TO BE DISCRETIONARY WITHOUT AUTHORIZATIONS ON FILE.  THERE ARE NO CUSTOMER COMPLAINTS REGARDING THIS AT THE CURRENT FIRM.

(Smith Decl. Ex. B).

**B.  Procedural Posture**

On January 17, 2013, Preis, through his attorney (Dennis Patrick Kelleher), voluntarily submitted his claims against CGMI to FINRA Dispute Resolution's arbitration forum by filing

his statement of claim.[2]  (Smith Decl. Ex. C).  Preis's Statement of Claim for arbitration before

FINRA purported to state eleven causes of action:  (1) retaliation and discrimination under the

Sarbanes-Oxley and Dodd-Frank Acts; (2) prima facie tort; (3) tortious interference with

prospective business relationships; (4) breach of contract; (5) breach of the implied covenant of

good faith and fair dealing; (6) quantum meruit; (7) unjust enrichment; (8) negligence and failure

to supervise; (9) breach of applicable industry rules; (10) expungement of his Form U5; and (11)

punitive damages.  *Id.*

The arbitration proceeding was captioned *Ilan Nathan Preis v. Citigroup Global Markets

Inc.,* and was assigned FINRA Case No. 12-04361.  *Id.*  Preis was represented by counsel

throughout the FINRA arbitration proceedings.  (Smith Decl. ¶ 7).

CGMI consented to arbitration of Preis's claims.  (Smith Decl. ¶ 10).  On April 4, 2013,

CGMI filed an Answer to the Statement of Claim and a Counterclaim Against Claimant

("Answer").  (Smith Decl. Ex. E).  The Answer set forth in detail CGMI's factual and legal

defenses to Preis's claims including, but not limited to: (i) the absolute privilege test applies to

Form U5s under *Rosenberg v. Metlife, Inc.*, 8 N.Y.3d 359, 368 (2007); (ii) the fact that Preis had

not engaged in protected activity under the Sarbanes-Oxley and Dodd-Frank Acts; (iii) the fact

that Preis had in any event been terminated for legitimate, non-discriminatory reasons (in

particular for having engaged in discretionary trading for customers without having written

authorization); and (iv) that Preis's common-law tort claims failed to state causes of action under

New York law.  *Id.*

---

[2] Shortly after the filing of the Statement of Claim, Daniel Kaiser, Esq. (of the law firm Kaiser, Saurborn and Mair, P.C.) replaced Mr. Kelleher as Preis's counsel.  Mr. Kaiser and his partner, Henry Saurborn, Esq., represented Preis throughout the hearing. (Smith Decl. ¶ 7).

The parties each agreed to be bound by the FINRA Code of Arbitration Procedure for Industry Disputes.  (Smith Decl. Exs. D and F).  Each party executed a FINRA Arbitration Submission Agreement that provides:

> [The p]arties agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement.  The parties further agree that a judgment and any interest due thereon, may be entered upon such award(s) and, for these purposes, the parties hereby voluntarily consent to submit to the jurisdiction of any court of competent jurisdiction which may properly enter such judgment.

(Smith Decl. Exs. D and F).

Pursuant to FINRA Dispute Resolution Rules applicable to Industry Disputes, the parties selected a panel of three arbitrators, a public chairperson, a public arbitrator and a non-public "industry" arbitrator.  (Smith Decl. ¶ 12-13).  The parties jointly selected the arbitrators from lists of ten persons per category by either ranking them in order of preference, one through six, or striking them.  *Id*.  After FINRA processed the selection forms from the parties, it appointed a panel consisting of Arbitrators Lori H. Carena (Public Chairperson), Ted M. Rosen (Public Arbitrator), and Jeffrey P. Bachman (Non-Public Arbitrator), (collectively, the "Panel").  *Id.* FINRA provided an Arbitrator Disclosure Report for each member of the Panel, which identified disclosure or conflict information among other information.  (Smith Decl. ¶ 14).  Neither party at that time, or thereafter, raised any objection to any of the selected arbitrators.  (Smith Decl. ¶ 15).

Prior to the commencement of the arbitration hearing, the parties engaged in approximately five months of extensive document discovery.  (Smith Decl. ¶ 16).  CGMI produced 7,184 pages of documents.  (Smith Decl. ¶ 17).  Preis produced approximately 7,277 pages of documents.  (Smith Decl. ¶ 18).

On or about December 23, 2013, prior to the commencement of the arbitration hearing, Preis filed a motion to compel the production of documents.  (Smith Decl. ¶ 19).  CGMI filed a

response to that motion on December 26, 2014. *Id.* On January 2, 2014, FINRA informed the parties that the Panel will address the motion to compel at the first hearing session. *Id.*

Hearings were held over the course of nine days beginning on January 6, 2014 and ending on March 11, 2014.[3] (Smith Decl.¶ 26; Smith Decl. Ex. G). Before opening statements from the parties, the Panel addressed Preis's motion to compel the production of additional documents. Specifically, Preis's counsel stated that its request would become "irrelevant" if CGMI were not going to rely on the requested documents during the arbitration proceeding, and further stated that a representation from CGMI that it would not rely on the requested documents would satisfy Preis's request. (Smith Decl. ¶ 20; Smith Decl. Ex. I at Tr. 4:10 – 9:3). CGMI represented that it did not anticipate using the requested documents. (Smith Decl. Ex. I at Tr. 4:10 – 9:3). Accordingly, the Panel ruled that CGMI was not required to produce the documents at that time, and reserved its right to revisit the ruling should CGMI choose to use the requested documents. *Id.* CGMI did not rely on the requested documents, and Preis did not raise the issue at any subsequent time. (Smith Decl. ¶ 20; Smith Decl. Ex. I at Tr. 4:10 – 9:3).

Both parties participated in the hearings, presented documentary evidence and live witness testimony. Preis presented his case in chief over the course of approximately seven days. (Smith Decl. ¶ 22). Preis testified on his own behalf and called nine additional witnesses on his case in chief, including eight fact witnesses (Howard Shapiro, Grace Molinari, Hal Sitt, Michael Rothstein, Mikael Filshtinskiy, Christopher Alexis, Blair Nelson and Mahmoud Najjar) and one expert witness Joseph Nelson.[4] *Id.* Preis's own testimony occupied approximately three

---

[3] Opening arguments were held on January 6, 2014 and testimony was taken on January 6, 7, 8, 9, 10, 13, 14, and 15. (Smith Decl. ¶ 21). Closing arguments were held on March 11, 2014. *Id.*

[4] Messrs. Shapiro, Molinari, Sitt, and Rothstein are or were customers serviced by Preis while he was employed by CGMI. (Smith Decl. ¶ 23). Mr. Filshtinskiy is a Wells Fargo employee. *Id.* Messrs. Alexis, Nelson, Najjar and Papaleo are CGMI employees. *Id.* Joseph Nelson is a partner at the accounting firm, Berdon LLP. *Id.*

full hearing days (including cross-examination and re-direct examination). *Id.* CGMI called one

witness, Robert Papaleo. *Id.* Preis did not offer any rebuttal evidence. *Id.* The Panel admitted

fifty-six of Preis's exhibits and ninety-seven of CGMI's exhibits into evidence during the course

of the hearings. (Smith Decl. ¶ 24).

The Panel heard closing arguments on March 11, 2014. (Smith Decl. ¶ 25). Prior to

hearing closing arguments, the parties submitted to the arbitrators a list of exhibits that each side

agreed had been admitted into evidence. (Smith Decl. ¶ 25; Smith Decl. Ex. I at Tr. 2063:3 –

2066:5). Neither party raised any objection to the opposing party's list. In accordance with

FINRA Rule 13607, Preis's counsel was given the choice whether to argue first or second and

elected to argue second. (Smith Decl. Ex. I at Tr. 2072:5 – 19). Neither party objected to the

order of closing arguments. Closing arguments lasted approximately four hours total. (Smith

Decl. ¶ 25). At no time did Preis raise any objections to the substantive process or fairness of the

arbitration hearing. (Smith Decl. ¶ 26).

On April 16, 2014, the Panel rendered a unanimous award denying all claims, including

Preis's request for expungement. (Smith Decl. Ex. G). Specifically, the Award states:

### OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

### AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's claims are denied in their entirety.

2. Claimant's expungement request is denied.

3. Respondent CGM[I]'s Counterclaim is denied.

4. Any and all relief not specifically addressed herein is denied.

*Id.*  The Award was rendered without explanation, in accordance with FINRA Dispute

Resolution rules regarding arbitration awards and the agreement of Preis and CGMI at the outset

of the arbitration to abide by those rules.  *Id.*; *see also* FINRA Code § 13904.

### C.  <u>Preis's Alleged Bases For Vacating the Award.</u>

On or about July 17, 2014, Preis filed a "Verified Petition to Vacate or Arbitration" [*sic*]

in the Supreme Court of the State of New York, County of New York, which was captioned *Ilan*

*Preis v. Citigroup Global Markets*, Index No. 652197/2014.[5]  (Smith Decl. Ex. H ("Petition")).

Preis's Petition consists of a restatement of the Statement of Claim (*see* Petition ¶¶ 1 – 90),

isolated excerpts of testimony (or more accurately, Preis's interpretation of the testimony) and

general statements of law that are disconnected and/or unintelligible.[6]  The Petition fails to put

forward any substantive argument that the Award was obtained by untoward or illegal means,

nor does he provide evidence that any of the arbitrators were biased or engaged in misconduct.

(*See generally* Petition).  None of Preis's allegations affected the ability of the Panel to render its

award, or implicated the substantive fairness of the arbitration hearing.

From what CGMI can gather from the Petition, Preis purports to allege the following

bases on which he believes the arbitral award should be vacated.  Notably, many of Preis's

objections as set forth in the Petition are either factually incorrect, incomplete, or legally

irrelevant.

---

[5] Preis did not file a memorandum of law in support of his Petition.  (Smith Decl. ¶ 28).

[6] CGMI removed the Petition to this Court on August 8, 2014.  (Smith Decl. ¶ 29).

1.   <u>Preis Disagrees With The Panel's Decision.</u>

Preis disagrees with the conclusion reached by the Panel (i.e. denying his claims). (*See* Petition at ¶¶ 65, 92).  According to Preis, "Preis testified and made his case with his attorney," and there is no rationale for the Award.  *Id.* at ¶112, 150.  In support of this theory, Preis purports to re-argue his Statement of Claim and the testimony (or his interpretation of the testimony) that was presented at the hearing in support of the eleven claims that he initially pled. *Id.* at ¶¶ 1 – 90, 92, 94 – 95, 100 – 02.

In making this argument, however, Preis concedes that he was indeed permitted to present his case with his attorney. *Id.* at ¶112.  Despite his suggestion that the Panel erred in its determination, Preis cites testimony of Mr. Papaleo which, in and of itself, provides a sufficient rationale for the Panel's decision.  *Id.* at ¶¶ 142 – 45.  Specifically, Preis notes in Paragraph 145 of the Petition that Papaleo testified that the reason for Preis's termination was "exercising discretion without written authorization…"[7]  *Id.* at ¶145.  This language is the exact wording that is denoted on Preis's Form U-5.  (Smith Decl. Ex. B).  Accordingly, by Preis's own admission, the Panel heard testimony that is consistent with the conclusion reached in the Award.  Further, to the extent that Preis argues that there is no rationale for the Award, Preis overlooks the fact that FINRA rules do not require arbitrators to write opinions or provide explanations or reasons for their decision. FINRA Code § 13904.

2.   <u>Preis Claims The Arbitrators Were Biased.</u>

Preis purports to allege that the Panel's questions during the hearing suggest bias.  *See id.* at ¶¶ 107, 109.  Specifically, while CGMI was asking Mr. Nelson on cross-examination what variables would influence an evaluation as to how long it would take Preis to replicate the

---

[7] This testimony belies Preis's allegation in Paragraph 156 of the Petition that CGMI testified that the wording they chose to mark his U5 was false. (*See* Petition ¶ 156).

earnings that he would have made over a ten-year period had his employment with CGMI continued, (Smith Decl. Ex. I at Tr. 2000:13 – 2002:8), the Chairperson raised the question, "Would it also depend on age?"  (*Id.*; Petition ¶107).  Mr. Nelson responded: "It would, I would think.  Younger people may not be viewed as experienced as." (Smith Decl. Ex. I at Tr. 2001:19 – 23).  The Chairperson replied, "I was thinking quite the opposite," and explained the basis for her belief. *Id.* at Tr. 2001:24 – 2002:8.  Mr. Nelson responded: "I guess it just depends upon...whether the experience brings something to it or whether the age is a detriment." *Id.* at Tr. 2002:11 – 17.  These questions do not suggest that Preis was prejudiced in any manner.

Preis also alleges that the Chairperson's questions to Respondent's counsel during Preis's direct examination indicate bias. (Petition ¶109).  When Preis's counsel offered into evidence an exhibit consisting of approximately 180 text messages, bates stamped Preis 2188 – 2365, which purportedly came from Preis's phone, (Smith Decl. Ex. I at Tr. 78: 6 –8; 87:3 – 11), the Chairperson asked CGMI if it would like to "ask some questions?...[a] little voir dire?" *Id.* at Tr. 78:18 – 79:15.  CGMI then conducted voir dire.  Again, these questions do not on their face suggest bias, and Preis does not allege how he was purportedly prejudiced by the Panel's questions.

Preis also suggests that the Panel's decision to hear certain arguments from counsel indicates bias. (*See* Petition ¶ 131).  In support of this argument, Preis cites his counsel's argument in Paragraph 131 of the Petition to demonstrate that he was somehow disadvantaged. This excerpt, however, is taken out of context, and actually contradicts Preis's allegation of bias. The record shows that Chairperson Carena overruled CGMI's objection to a certain line of questioning concerning whether the language in Preis's Form U5 affected his ability to be employed, and allowed Preis to present his argument for the sake of "letting Claimant put on

their case." (Smith Decl. Ex. I at Tr. 205:8 – 206:3). The Panel heard Preis's argument on this issue and agreed with Preis – indeed, the Chairperson responded to that argument, "Right. So I'm allowing the answer." *Id.* at Tr. 208:5 – 6. Thus, the Panel ruled in Preis's favor on this issue.

Notably, at no time did Preis object to the Panel's questions,[8] or suggest that any member of the Panel was partial.

### 3. The Panel Allegedly Did Not Utilize the Testimony of Preis's Expert.

Preis also purports to allege that the Panel failed to mention or utilize the testimony of the individual that Preis retained as an expert. (Petition ¶ 157). Preis offered Joseph Nelson as an expert in the area of calculation of economic damages. (Smith Decl. ¶ 22 – 23). Upon offering Mr. Nelson as an expert, Preis's counsel asked CGMI if it would like to conduct voir dire at that time, and CGMI conducted voir dire of Joseph Nelson. (Smith Decl. Ex. I at Tr. 1670: 21 – 25). Following voir dire, CGMI objected to the admission of testimony by Joseph Nelson on the grounds that Joseph Nelson is not qualified as an expert, but the Panel overruled CGMI's objection, and permitted Joseph Nelson to testify at length during the hearing on the issue of economic damages. *Id.* at Tr. 1682:8 – 1684:4. Ultimately, because the Panel denied Preis's claims, the question of damages was moot.

### 4. Discovery Motions Were Not Addressed.

Preis alleges that there were discovery motions made by his attorney on his behalf that were "brushed to the side" at the start of the hearing. (Petition ¶¶ 108, 131). As discussed above (pp. 4 – 5), the Panel addressed and resolved pending discovery motions at the beginning of the

---

[8] It should also be noted that Preis fails to mention that the Panel asked questions of many of the witnesses who testified over the course of the nine days of hearing. *See, e.g.,* Smith Decl. Ex. I at Tr. 1742:9 – 13; 1842:22 – 1843:6 (questions posed by the Panel to Mr. Papaleo).

hearing.  (Smith Decl. ¶ 20, Smith Decl. Ex. I at Tr. 4:10 – 9:3).  Preis raised no objections at that time, or at any subsequent time during the hearing.

5.   One Arbitrator Mentioned a Potential Conflict.

According to Preis, one arbitrator mentioned a potential conflict during the hearing. (Petition ¶108).  Preis is likely referring to a disclosure made by Arbitrator Rosen.  During the January 8, 2014 hearing session, Arbitrator Rosen stated:

> I just want to make a disclosure just in the interest of full disclosure.  Anthony Tala, one of the witnesses I do not know, but I do have a client with the last name Tala.  No reason to believe that he's related, no knowledge one way or the other.  I've never met or spoken to Anthony Tala, so I make that in the interest of full disclosure.  Any objection?

(Smith Decl. Ex. I at Tr. 581:14 – 24).  In response, Preis's counsel stated: "No objection."  *Id.* at Tr. 582:2.  CGMI also did not object.  *Id.* at Tr. 582:25.  Notably, Mr. Tala did not testify during the arbitration proceeding.  (Smith Decl. ¶ 21).  Preis now belatedly raises an objection to this disclosure, but does not state how this disclosure allegedly affected the hearing.

6.   CGMI Allegedly Falsified Evidence and Testimony.

Without providing specifics or identifying any particular evidence, Preis purports to allege that CGMI falsified evidence.  (Petition ¶¶ 108, 131, 163, 165).  Preis appears to speculate that documents were falsified based on the timing of when documents were produced.  (Petition ¶ 164).  Preis, however, points to no actual evidence supporting the assertion that CGMI falsified any documents, and at no time did Preis raise any authenticity objections to evidence or claim that any documents were falsified.  Thus, the Panel did not render a ruling as to the authenticity of documents.  Furthermore, the record reflects that each witness provided sworn testimony. (Smith Decl. Ex. I at Tr. 65:12 – 17; 798:3 – 7; 830:5– 9; 850:22– 851:2; 877:25 – 878:3; 916:15 – 19; 1105:8– 13; 1348:14 – 21; 1666:23 – 25; 1735:20 – 25; 1911: 15 – 18).

7.  <u>CGMI Redacted Privileged Information From Documents Produced in Discovery.</u>

Preis also suggests that CGMI improperly redacted privileged information from documents produced during discovery.  (Petition ¶124).  CGMI made certain redactions to documents produced during discovery to protect privileged information.  (*See* Smith Decl. Ex. I at Tr. 1882:10 – 17).  Preis did not object to the redaction of privileged information during discovery or the hearing, but now claims that the redaction of privileged information was improper. *Id.* at Tr. 1882:20 – 23 ("If there are notes, then they may well have been redacted on the basis that they're privileged…").  This issue was not raised to the Panel, and the Panel therefore did not rule on whether documents were properly produced in discovery.

8.  <u>Preis's Counsel Elected to Go Last in Closing Statements.</u>

Preis alleges that his rights were violated when his counsel voluntarily elected (pursuant to FINRA Rules) to go last in closing statements.  (Petition ¶ 121).

9.  <u>The Panel Disregarded the Law.</u>

Preis asserts generally that the Panel knowingly misapplied and/or disregarded the law. (Petition ¶ 153).  Preis does not provide particular grounds or support to justify this conclusory allegation.

<u>**ARGUMENT**</u>

A.  <u>**STANDARD OF REVIEW**</u>

    *a.  Vacatur of an Award*

It is well established that "an arbitrator's rulings…are largely unreviewable."  *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 19 (2d Cir. 1997); *In re Falzone v. N.Y. Cent. Mut. Fire Ins. Co.*, 15 N.Y.3d 530, 534 (2010) (citations omitted).  Indeed, Preis bears a heavy burden, and must rely on *clear and convincing* evidence as grounds to vacate the award.  *See Willemijn*

*Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997);

*Teamsters, Chauffeurs, etc. v. E.D. Clapp Corp.*, 551 F. Supp. 570, 576 (N.D.N.Y. 1982), *aff'd*

*without opinion by*, 742 F.2d 1441 (2d Cir. 1983).

Under the FAA, "judicial review of an arbitration award should be, and is, very narrowly

limited," and an award must be accorded great deference and vacated only with great hesitation.

*Diapulse Corp. of Am. v. Carba, Ltd.*, 626 F.2d 1108, 1110 (2d Cir. 1980); *Max Marx Color &*

*Chem. Co. Employees' Profit Sharing Plan v. Barnes*, 37 F. Supp. 2d 248, 251 (S.D.N.Y. 1999).

"It is not enough for [Preis] to show that the panel committed an error – or even a serious error."

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).  Rather, "the FAA

confines its expedited judicial review to the grounds listed in 9 U.S.C. §§ 10 and 11."  *Hall*

*Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 592 (2008).  Specifically, the FAA provides

that a District Court may make an order vacating an award where (1) the award was procured by

corruption, fraud or undue means; (2) there was evident partiality or corruption in the arbitrators;

(3) arbitrators were guilty of misconduct in refusing to postpone the hearing…or in refusing to

hear evidence pertinent and material to the controversy; or of any other misbehavior by which

the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers,

or so imperfectly executed them that a mutual, final, and definite award upon the subject matter

submitted was not made. 9 U.S.C. § 10.  "Additionally, a petition to vacate an arbitration award

can be based on two judicially created exceptions to confirmation: (1) that the award was made

in 'manifest disregard' of the law and (2) that the award violates public policy."  *Huntington*

*Hosp. v. Huntington Hosp. Nurses' Assn.*, 302 F. Supp. 2d 34, 39 (E.D.N.Y. 2004) (citing

*Greenberg v. Bear*, *Stearns & Co.*, 220 F. 3d 22, 27 (2d Cir. 2000)).

13

As discussed in detail below, Preis does not raise any colorable facts or allegations to satisfy the exceedingly high standard required to vacate an arbitration award.  Rather, his objections focus upon insignificant evidentiary and procedural issues (many of which were not even presented to the Panel) and strategic decisions of his own attorney in an attempt to somehow show the arbitrators were partial, committed misconduct or exceeded their powers (which they did not).  *See* 9 U.S.C. § 10(a)(2) – (a)(4).[9]  Indeed, Preis's citation to perceived procedural errors and adverse evidentiary rulings, even if they occurred (they did not), fall far short of evidencing the clear and convincing evidence of arbitrator misconduct or an award in excess of the arbitrators' powers, whether directly characterized under §§ 10(a)(2), (a)(3) or (a)(4) of the FAA, or under their judicial gloss as "manifest disregard of the law."  *See Stolt-Nielsen*, 559 U.S. at 662.  As discussed in detail below, none of the alleged errors on which Preis bases his motion, individually or in the aggregate, satisfies the rigorous standard required to vacate an arbitration award under the FAA.

> b.   *Confirmation of an Award*

Since the arbitration award should not be vacated under § 10, it should be confirmed.  9 U.S.C. § 9; *AmeriCredit Fin. Servs. v. Oxford Mgmt. Servs.*, 627 F. Supp. 2d 85, 102 (E.D.N.Y. 2008) ("[U]pon an application for an order to confirm an arbitration award, the court must do so unless the Award is vacated, modified, or corrected under §10 or §11.").

Notably, "in the context of a petition to confirm an arbitration award, the burden is not an onerous one."  *Trustees of Unite Here Nat'l Health Fund v. Amer. Leather Products, LLC*, No. 06 Civ 5316, 2009 WL 5178004, at *4 (S.D.N.Y. Dec. 31, 2009) (citation omitted) (adopting Report and Recommendation of Magistrate Judge Freeman to confirm arbitration award).  "The

---

[9] Preis does not allege that the Award was procured by corruption, fraud or undue means. *See* 9 U.S.C. § 10(a)(1).

arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case[.]" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 100, 110 (2d Cir. 2006) (internal citation omitted).  Only a "barely colorable justification for the outcome reached" by the arbitrators is necessary to confirm the award.  *Id.*; *1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13 Civ. 2608, 2014 WL 840965, at *6 (S.D.N.Y. Mar. 4, 2014) (adopting Report and Recommendation of Magistrate Judge Freeman to confirm arbitration award).

## B.  THERE IS NO EVIDENCE OF PARTIALITY BY THE ARBITRATORS.

Section 10(a)(2) of the FAA provides that it may be appropriate to vacate an award when there was "evident partiality or corruption in the arbitrators."  "Evident partiality" under the FAA "means more than a mere appearance of bias."  *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 173 (2d Cir. 1984).  "'[E]vident partiality'…will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration."  *Sanford Home for Adults v. Local 6, IFHP*, 665 F. Supp. 312, 317 (finding no bias where arbitrator had a former attorney-client relationship with one of the parties).

Here, Preis does not allege that the Panel was corrupt and he identifies no colorable evidence of partiality by the arbitrators.  To the contrary, the record, as well as the examples cited by Preis in the Petition, demonstrate that the Panel afforded Preis a full and fair opportunity to present his case.

Specifically, the questions raised by the Panel and cited by Preis in Paragraphs 107 and 109 are neutral and do not in any way suggest partiality by the Panel.  Further, the testimony cited by Preis throughout the Petition (*see* ¶¶ 101 – 02; 112; 116 – 18) demonstrates that he was permitted to present evidence and argument, and shows no indication that Preis was prejudiced in any manner.  For example, with respect to Paragraph 131 of the Petition, the record shows that

Chairperson Carena overruled CGMI's objection to a certain line of questioning, to allow Preis to make his case, and thus ruled in Preis's favor on this issue. (Smith Decl. Ex. I at Tr. 205:24-206:3).  No reasonable person could conclude on these facts that the Panel was partial to CGMI.

Arbitrator Rosen's disclosure of having a client relationship with an individual who shared the last name of a potential witness (who in fact did not testify) also does not suggest bias. First, the "potential conflict" was not even relevant because Anthony Tala, the subject of the disclosure, did not testify at the hearing.  (Smith Decl. ¶ 21).  In any event, even if Tala had testified, Preis affirmatively stated, through counsel, that he had "no objection" to this disclosure. (Smith Decl. Ex. I at Tr. 582:2).  Notably, Preis did not raise an objection to the impartiality of the selected arbitrators at any time prior to or during the hearing.

Preis's allegations of bias are further belied by the fact that his claims were heard over the course of a nine-day hearing during which Preis provided testimony on his own behalf for nearly three days (including cross and re-direct examinations) and called nine additional witnesses (including an "expert," the testimony of whom CGMI sought to exclude) on his case in chief.  (Smith Decl. ¶ 22).  Moreover, the parties jointly selected the arbitrators and received Arbitrator Disclosure Reports for each arbitrator.  (Smith Decl. ¶¶ 12, 14).  Therefore, in light of this evidence, Preis has not presented clear and convincing evidence of corruption or "evident partiality" by the Panel.

## C.   <u>THE PANEL IS NOT GUILTY OF MISCONDUCT.</u>

Only where there has been misconduct by the arbitrators in refusing to hear evidence or postpone the hearing that deprives a party of a *fundamentally fair arbitration process* should an award be vacated under § 10 (a)(3).  *See Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444 (2d Cir. 2011); *Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612 (S.D.N.Y. 2011); *Rai v. Barclays Capital Inc.*, 739 F. Supp. 2d 364 (S.D.N.Y. 2010), *aff'd* 2011 U.S. App. LEXIS 22365

(2d Cir. 2011). Fundamental fairness is an exceedingly high bar, perhaps not surmounted even when the parties "are denied the opportunity to present *any* evidence, oral or written…" *Fellus*, 783 F. Supp. 2d at 621. Arbitrators "need not follow all the niceties observed by the federal courts," to fulfill their duty to ensure that the hearing is fundamentally fair. *Bisnoff v. King*, 154 F. Supp. 2d 630, 637 (S.D.N.Y. 2001) (internal quotations and citations omitted). In the absence of clear and convincing evidence that the Panel's evidentiary and procedural decisions deprived Preis of a fundamentally fair hearing, *e.g.*, denying Preis the right to offer evidence in support of his case at all, Preis's motion to vacate must be denied and the award confirmed.

Here, Preis does not argue that the arbitrators refused to hear evidence. Nor does he identify any action by the arbitrators that denied him a fundamentally fair arbitration. Rather, Preis argues that the Award should be vacated because (1) his counsel voluntarily elected to go last in closing arguments; (2) CGMI allegedly falsified evidence and testimony and failed to disclose privileged information; (3) the Panel reached the wrong conclusion; (4) the Panel "brushed to the side" discovery motions (which it did not); and (5) the Panel did not utilize the testimony of an individual purported to be an expert.

None of these allegations, even if credited, establish that the Panel denied Preis a fundamentally fair arbitration. First, Preis concedes that he was provided the opportunity to make a closing argument, and alleges only that *his counsel* (not the Panel) chose to make Preis's closing argument second. In accordance with FINRA Rule 13607, Preis's counsel was given the choice whether to argue first or second, and elected to argue second. (Smith Decl. ¶ 25; Smith Decl. Ex. I at Tr. 2072:5 – 19). This was a strategic decision by Preis's counsel and does not attribute any impropriety to the Panel. Thus, it provides no basis to vacate the Award.

Second, Preis does not allege that the Panel acted improperly with respect to his allegation that CGMI purportedly falsified evidence and provided false testimony. Notably, Preis did not raise any objection at the hearings suggesting that CGMI falsified evidence (which it did not), and he did not raise any issue regarding the authenticity of any document that was offered and/or admitted into evidence. Nor does Preis allege that the Panel was presented with the issue of whether witnesses provided false testimony. Indeed, Preis does not identify any support for this conclusory allegation. The fact that each witness provided sworn testimony also contradicts this allegation.

Likewise, Preis did not raise any objection to CGMI's redaction of documents on the basis of privilege. Thus, the Panel did not rule on the question of whether documents were properly redacted. However, even if Preis had raised an objection, Preis's issue with CGMI's redactions based on privilege is baseless because he does not allege that the redactions amount to a denial of fundamental fairness. *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Odyssey Amer. Reinsurance Corp.*, No. 05 Cv 7539, 2009 WL 4059183, at *8 (S.D.N.Y. Nov. 18, 2009) (the decision to prevent an insurance company from having access to unredacted invoices did not amount to a denial of fundamental fairness).

With respect to Preis's allegations that the Panel reached the wrong conclusion and did not adequately consider the discovery motion or expert testimony, that Preis may disagree with the Panel's evidentiary rulings or how they received the testimony does not satisfy the high standard required to vacate an arbitration award. Indeed, courts do not examine an arbitrator's evidentiary decisions unless the arbitration proceedings were fundamentally unfair. *See M. Slavin & Sons, Ltd. v. Cirillo*, No. 90-CV-1340, 1990 WL 299933, at *3 (E.D.N.Y. May 18, 1990) (denying petitioner's motion to vacate when petitioner alleged that the arbitrator

18

improperly considered certain evidence, but did not show that arbitrator denied petitioner a full opportunity to present his case).

Preis has not shown that he was denied a fundamentally fair hearing.  First, the record demonstrates that Preis's December 23, 2013 motion to compel discovery was addressed and resolved at the start of the arbitration.  (Smith Decl. ¶ 20; Smith Decl. Ex. I at Tr. 4:10 – 9:3).  Thus, Preis's subjective belief that this issue was "swept to the side" is inconsistent with the record, and Preis provides no evidence to show that the Panel's ruling denied him a fair arbitration proceeding.  Second, the Panel heard lengthy testimony from Preis's expert notwithstanding the fact that CGMI objected to the testimony on the grounds that the witness was not qualified to provide expert testimony. (Smith Decl. Ex. I at Tr. 1682:8 – 1684:4).  Thus, Preis's allegation that the Panel did not "utilize" the testimony that it heard from Preis's purported expert is unavailing.  Further, to the extent Preis argues that the Panel did not "mention" this testimony in the Award, FINRA Rules do not require the Panel to provide an explanation for the Award.  FINRA Code § 13904.  Thus, Preis's allegation is pure speculation and in no way implicates issues of fundamental fairness.

Moreover, there is no question that Preis was permitted to submit extensive evidence on his own behalf during the nine-day hearing.  Notably, fifty-six of Preis's exhibits were admitted into evidence, Preis testified on his own behalf for nearly three days, and called nine witnesses to testify on his case in chief.  (Smith Decl. ¶¶ 22, 24).  Thus, there is no question that Preis had the opportunity to present a fair picture of his case.  Therefore, Preis's motion to vacate the Award based on his disagreement with the Panel's evidentiary rulings and ultimate decision should be denied and the Award confirmed.

D. **THE PANEL DID NOT EXCEED ITS AUTHORITY**.

Section 10(a)(4) of the FAA provides that it may be appropriate to vacate an award where the "arbitrators exceeded their powers." The Second Circuit has "consistently accorded the narrowest of readings to the FAA's authorization to vacate awards pursuant to § 10 (a)(4)." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 342 (2d Cir. 2010) (internal citations and quotations omitted).

> It is only when [an] arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Major League Baseball Player Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) (*per curiam*) (quoting *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)). In that situation, an arbitration decision may be vacated under § 10 (a)(4) of the FAA on the ground that the arbitrator "exceeded [his] powers," for the task of an arbitrator is to interpret and enforce a contract, not to make public policy.

*Stolt-Nielsen*, 599 U.S. at 670. "The focus of [the Court's] inquiry in challenges to an arbitration award under § 10 (a)(4) is 'whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement to reach a certain issue, *not whether the arbitrators correctly decided that issue*.'" *Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 122 (2d Cir. 2011) (quoting *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 824 (2d Cir. 1997)) (emphasis in original). Here, the Panel undeniably had the power to decide Preis's case, particularly since Preis voluntarily submitted the case for arbitration in the FINRA forum.

The Uniform Submission Agreement conferred the Panel with the power to arbitrate this dispute. Indeed, Preis voluntarily chose to file his claim with FINRA pursuant to his rights under his Form U4 as a CGMI registered representative. (Smith Decl. Exs. A, C and D). CGMI accepted Preis's offer to arbitrate his claims in the FINRA arbitral forum, which was extended by the filing of his Statement of Claim in that forum, answered his claims and set forth a

counterclaim.  (Smith Decl. Ex. E).  Preis agreed to mutually satisfactory arbitrators who

rendered a decision based on FINRA Rules and Regulations.  (Smith Decl. ¶¶ 12 – 14).  Since

the Panel neither considered issues beyond those submitted for consideration in the Statement of

Claim and CGMI's Answer and Counterclaim, nor reached issues that were prohibited by law or

the terms of the arbitration agreement between Preis and CGMI, there is no basis under § 10

(a)(4) to vacate the award.  *Jock*, 646 F.3d at 122 – 23.  Therefore, Preis's motion to vacate

should be denied and the Award confirmed.

### E.  PREIS CANNOT SATISFY THE "MANIFEST DISREGARD OF THE LAW" STANDARD.

To the extent this Court interprets Preis's Petition as an application based on manifest

disregard of the law, Preis bears a "heavy burden."  *T. Co Metals, LLC*, 592 F.3d at 339 (quoting

*Stolt-Nielsen,* 559 U.S. at 678).  Review under the doctrine of manifest disregard is "severely

limited" and requires "more than error or misunderstanding with respect to the law.*"  Stolt-

Nielsen. v AnimalFeeds Int'l Corp*, 548 F.3d 85, 91-92 (2d Cir. 2008).

Upon such a review, "the facts of record must be construed most favorably to the

prevailing party and the arbitration panel's implicit factual findings are not subject to any review

whatsoever."  *Goldman Sachs Execution & Clearing, L.P. v. Official Unsecured Creditor's

Comm. of Bayou*, 758 F. Supp. 2d 222, 225 (S.D.N.Y. 2010), *aff'd*, 491 F. Appx. 201 (2d Cir.

2012).  Even if a court disagrees with an award on the merits, "if there is a barely colorable

justification for the outcome reached," an award is sufficient.  *T. Co Metals, LLC*, 592 F.3d at

339.  Thus, vacatur on this basis can succeed only in "those exceedingly rare instances where

some egregious impropriety on the part of the arbitrators is apparent."  *Id* (internal citation

omitted).  In short, a reviewing court must uphold an arbitration award "unless the arbitration

panel intentionally and erroneously disregarded a clear and plainly applicable law."  *Goldman*

21

*Sachs*, 758 F. Supp. 2d at 226.  Here, nothing in Preis's Petition or in the Award indicates that any matter was decided inconsistently with applicable law, much less in manifest disregard of the law.

Moreover, as the court in *Rai* stated, "an arbitration panel need not provide the rationale for its award, so long as the grounds for the arbitrators' decision can be inferred from the facts of the case."  739 F. Supp. 2d at 376.  In that case, the court upheld a FINRA arbitration award that decided a wrongful termination and discrimination case without underlying explanation.  The court found, *inter alia*, that warnings to the *Rai* plaintiff about his poor performance and his admitted at-will employment were sufficient to "provide more than a barely colorable justification for the Panel's decision."  In upholding the award against the *Rai* plaintiff's manifest disregard challenge, the court stated that if there is "a reasonable explanation for the outcome reached by the arbitrators, the award must be confirmed."  739 F. Supp. 2d at 376.

Here, there was considerably more than a "barely colorable justification" for the decision to deny Preis's claims.  Preis was terminated following the identification of transactions deemed to be discretionary without authorizations on file, and not for any discriminatory or retaliatory reason.  Mr. Nelson, Mr. Papaleo, and Mr. Alexis testified at length and numerous exhibits were introduced into evidence concerning the events leading up to Preis's termination, including Mr. Nelson's investigation into Preis's trading in customer accounts following repeated instances in which Preis's trading had been flagged in "Close Proximity Reports" that suggested the possibility that he had been trading on a discretionary basis.  (*See* Smith Decl. Ex. I at Tr. 1110:5 – 1113:18; 1378:3 – 1393:13; 1420:4 – 15; 1770:7 – 1823: 23; 1903:6 – 22; Smith Decl. Ex. L; Smith Decl. Ex. M, Smith Decl. Ex. N; Smith Decl. Ex. O.[10]  CGMI customer Hal Sitt confirmed

---

[10] For a more complete understanding of the evidence presented during the hearing, CGMI refers the Court to the parties' closing arguments, which is annexed to the Petition as Preis Exhibit 98.

on cross-examination that Preis had traded on a discretionary basis.  (Smith Decl. Ex. I at Tr. 866:14 – 24; 867:6 – 868:22; 869:14 – 870:6; 872:13 – 20).  In short, the record contained a rich body of evidence supporting CGMI's position that Preis (who was an employee at will) was terminated for legitimate, good-faith reasons.

In addition, all parties were afforded an opportunity to present their respective interpretation of applicable law through the pleadings, during opening and closing statements, and through the testimony and exhibits.  Only after considering all these arguments, statutes and case law did the Panel issue its Award, which states:

### OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

### AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimant's claims are denied in their entirety.

2. Claimant's expungement request is denied.

3. Respondent CGM[I]'s Counterclaim is denied.

4. Any and all relief not specifically addressed herein is denied.

(Smith Decl. Ex. G).

Thus, Preis cannot show that the Panel willfully flouted the law such that the Award was rendered in manifest disregard of the law.  To the contrary, the Panel followed the law – it chose to follow the interpretation of the law on Preis's claims in the manner advanced by CGMI in its Answer and opening and closing arguments.  Accordingly, the Award cannot be vacated, and should be confirmed.

**F.  THE COURT SHOULD AWARD CGMI ATTORNEY'S FEES AND COSTS.**

Preis refuses to comply with the Panel's Award, and instead has filed a completely frivolous Petition seeking to vacate the Award.  The Uniform Submission Agreement explicitly provides that the parties "agree to abide by and perform any award(s) rendered pursuant to this Submission Agreement…"  (Smith Decl. Ex. D).  Despite agreeing to abide by any arbitration award, Preis now seeks to vacate the Award, and CGMI has been forced to cross-move seeking confirmation of the Award.  As a result, the Court should reimburse CGMI for its attorneys' fees and related costs expended as a result of Preis's frivolous Petition.  *See Mandell v. Reeve,* No. 10 Civ. 6530, 2011 WL 4585248, at *12 (S.D.N.Y. Oct. 4, 2011) (awarding attorney's fees and costs in a confirmation proceeding where a party refused to abide by the arbitration award). Alternatively, the Court should award costs to Respondent pursuant to F.R.C.P. 54(d)(1).  *CF Global Trading, LLC v. Wassenaar*, No. 13 Civ. 766, 2013 WL 5538659, at *11 (S.D.N.Y. Oct. 8, 2013) (awarding costs incurred in connection with confirmation proceeding pursuant to F.R.C.P. 54(d)(1)).

## CONCLUSION

For all of the foregoing reasons, CGMI respectfully requests that the Court deny Preis's Petition in its entirety and confirm the Award in favor of CGMI.  CGMI further respectfully requests that the Court award CGMI attorney's fees and costs.

Dated: August 15, 2014

PROSKAUER ROSE LLP


By: _/s/ Joseph Baumgarten_

PROSKAUER ROSE LLP
Joseph Baumgarten
Susan McAleavey
Jon L. Dueltgen
11 Times Square
New York, New York 10036
(212) 969-3000
jbaumgarten@proskauer.com
smcaleavey@proskauer.com
jdueltgen@proskauer.com
*Attorneys for Respondent*
*Citigroup Global Markets Inc.*