UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 04/08/2015
```

------------------------------------------------------------X
                                     :

ILAN PREIS,                           :

                      Petitioner,    :             14 Civ. 06327 (LGS)

              -against-         :

                                       :           OPINION AND ORDER

                                     :

CITIGROUP GLOBAL MARKETS INC.,   :

                    Respondent.  :

                                     :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Pro se Petitioner Ilan Preis seeks to vacate or modify an April 16, 2014, arbitration award

in favor of Respondent Citigroup Global Markets Inc. ("CGMI").  CGMI opposes the Petition

and cross-petitions to confirm the award, and seeks to recoup its attorneys' fees and costs.  For

the reasons set forth below, Preis' Petition to vacate or modify the award is denied, and CGMI's

Cross-Petition to confirm the award is granted.  CGMI's Petition for attorneys' fees and costs is

denied.

      **I.**      **Background**

           **A.  The Arbitration**

        The underlying arbitration award arises out of Preis' employment with CGMI.  Preis

accepted CGMI's offer of employment as a Financial Advisor on June 8, 2010.  On October 9,

2012, CGMI discharged Preis.

        Preis asserted that he was unlawfully discharged for internally reporting various violations

of, *inter alia*, U.S. Securities and Exchange Commission rules and regulations.  CGMI denied

these allegations.  The parties submitted their dispute to the Financial Industry Regulatory

Authority, Inc. ("FINRA") for arbitration.

Before the arbitration hearing began, the parties engaged in five months of discovery and participated in two pre-hearing sessions.  The arbitration took place in New York before three arbitrators (the "Panel").  The Panel conducted 16 hearing sessions over nine days and heard testimony from ten fact witnesses and one expert witness.

Before opening statements, the Panel addressed Preis' motion to compel additional discovery, which Preis' counsel filed one or two weeks before the hearing.  Preis' counsel stated that, if CGMI did not intend to rely on the requested documents, then this motion would be "irrelevant."  After CGMI's counsel informed the Panel that CGMI would not rely on the requested documents, the Panel's chairperson ruled that production was unnecessary but could be revisited if circumstances changed.  Preis' counsel consented to the ruling.

The Panel issued its decision on April 16, 2014 (the "Award") and denied both Preis' claims and CGMI's counterclaim.

### B.  The Cross-Petitions to Vacate and to Confirm the Award

On July 17, 2014, proceeding pro se, Preis moved to vacate or modify the Award in New York state court.  His Petition cited several exchanges during the arbitration proceeding as evidence of the Panel's bias or misconduct, including (i) the Panel's chairperson asking Preis' expert witness how age would impact the expert's damages calculation; (ii) the Panel's chairperson asking CGMI to conduct voir dire after Preis' counsel offered into evidence an exhibit consisting of approximately 180 text messages; and (iii) an arbitrator disclosing a potential conflict because a potential witness, who ultimately did not testify, had the same last name as the arbitrator's client.  Preis' Petition also appears to assert that the Panel manifestly disregarded the law by, inter alia, (i) rendering a decision that is unsupported by the record, (ii) failing to utilize Preis' expert on damages, and (iii) permitting CGMI to provide false

evidence and testimony.

On August 8, 2014, CGMI filed a notice of removal.  On August 15, 2014, CGMI opposed Preis' Petition and cross-petitioned for confirmation of the arbitration award, and for attorneys' fees and costs.

## II.     Legal Standard

Preis brings his Petition to vacate or modify the award pursuant to Rule 7511 of New York's Civil Practice Law and Rules ("CPLR"), and CGMI brings its Cross-Petition to confirm the award pursuant to the Federal Arbitration Act ("FAA").  The parties do not address choice of law in their briefing, but there is no conflict between New York and federal law on the issues relevant to this dispute.

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal citation and quotation marks omitted).  The party seeking to vacate the award has the burden of proof.  *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997).  An arbitration award should be confirmed as long as there is "a barely colorable justification" for the award.  *D.H. Blair & Co.*, 462 F.3d at 110.  "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* (internal quotation marks omitted).

Under Rule 7511(b)(1) of the CPLR, an arbitration award can be vacated if the court finds a party's rights prejudiced by: (i) corruption, fraud, or misconduct in procuring the award; (ii) partiality of an arbitrator; (iii) an arbitrator or agency making an award that exceeded his

power or so imperfectly executed it that a final and definite award was not made; or (iv) failure to follow the procedure of the CPLR.

Under § 10 of the FAA, an arbitration award can be vacated when: (i) the award was procured by corruption, fraud, or undue means; (ii) there was evident partiality or corruption in the arbitrators, or either of them; (iii) the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced; or (iv) the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.  9 U.S.C. § 10(a).  An award may also be vacated where the arbitrator acts in manifest disregard of the law. *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011).

### III.    Discussion

#### A.  The Award

Preis' pro se Petition appears to assert two grounds for vacating the arbitration award: (i) the Panel was biased; and (ii) the Panel manifestly disregarded the law.  For the reasons below, Preis has failed to carry his significant burden of showing valid grounds exist for vacating the award.

Preis' Petition has raised no credible argument of partiality on the part of the Panel.  "[A]n arbitrator is disqualified only when a reasonable person, considering all the circumstances, would *have* to conclude that an arbitrator was partial to one side." *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132, 137 (2d Cir. 2007) (internal quotation marks omitted).  The examples cited in Preis' Petition do not demonstrate that the Panel was biased.  Rather, the Panel's comments and questions cited by Preis as evidence of bias are neutral

and do not suggest prejudice.  These questions and comments from the Panel during the hearing would not lead a reasonable person to conclude that the Panel was biased.  Other assertions, such as Preis' conclusory statement that the Panel refused to hear his motion to compel discovery at the start of the hearing, are contradicted by the record.  These exchanges cited in Preis' Petition are insufficient to show partiality.

Preis' Petition asserts that the Panel manifestly disregarded the law by finding in favor of CGMI.  "[A]wards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent."  *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010) (internal quotation marks omitted).  To vacate an arbitration award based on manifest disregard of the law, a party must make a "two part showing": (i) "whether the governing law alleged to have been ignored by the arbitrators was well defined, explicit, and clearly applicable"; and (ii) "whether the arbitrator knew about the existence of a clearly governing legal principle but decided to ignore it or pay no attention to it."  *Jock*, 646 F.3d at 121 n. 1 (internal quotation marks omitted).

Preis has failed to show that the Panel acted in manifest disregard of the law.  He has not shown the Panel's intentional defiance of the law as required.  *See STMicroelectronics, N.V. v. Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 78 (2d Cir. 2011) (citations omitted).  Preis' own Petition recounts testimony that Preis was discharged for "exercising discretion without written authorization," which supports the Panel's conclusion that there were valid reasons for Preis' discharge.  Similarly, Preis' assertion that the Panel impermissibly failed to consider his expert's damages testimony does not evidence manifest disregard of the law because the Panel had no need to determine Preis' damages, having rejected his claims.  Finally, Preis provides no support for his assertion that the Panel permitted CGMI to introduce false evidence and testimony, and he

therefore fails to meet his burden of showing that the Panel intentionally ignored clearly governing legal principles.

For the reasons discussed above, CGMI has sufficiently supported its Cross-Petition, which is therefore granted.

### B. Attorneys' Fees and Costs

CGMI's request for attorneys' fees and costs it incurred in opposing Preis' Petition and bringing its Cross-Petition is denied.  CGMI has not shown that Preis was "acting in bad faith, vexatiously, wantonly, or for oppressive reasons," in seeking to overturn the arbitration award. *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 132 (2d Cir. 1999) (internal quotation marks omitted).

### IV.    Conclusion

For the foregoing reasons, Preis' Petition to vacate or modify the arbitration award is DENIED and CGMI's Cross-Petition to confirm the award is GRANTED.  CGMI's Petition for attorneys' fees and costs is DENIED.  The Clerk of Court is directed to close the case and to provide a copy of this Order to the pro se Petitioner.

SO ORDERED.

Dated: April 8, 2015
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE